GEORGE F. MISHOU *vs.* MAINE CENTRAL RAILROAD COMPANY.

Penobscot.     Opinion November 24, 1909.

*Verdict.   Same may be Directed.   Negligence.   Fellow Servant.*

It is the settled law of Maine that when the evidence is insufficient to support a verdict for the plaintiff the court is not required to submit the case to the jury but may direct a verdict for the defendant.

Where at the close of the plaintiff's evidence in an action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant, the presiding Justice ordered a nonsuit and the plaintiff excepted, *held* that the nonsuit was rightfully ordered.

Where the plaintiff who was a train conductor in the employ of the defendant railroad, was injured by his train colliding with another train of the defendant, and the proximate cause of the accident was a switch left open by the negligence of the plaintiff's fellow servant, a brakeman, *held* that the defendant was not liable for that negligence.

Where it was contended that the defendant railroad was negligent in putting an engineer in charge of a certain train "who was inexperienced, incompetent, untaught and improperly instructed as to the running of said engine and train over said road," and also that it was negligent in that it "carelessly, negligently and wrongfully maintained" a certain cross-over which "was improperly planned, arranged, defective and unsafe," *held* that the evidence was insufficient to sustain a verdict for the plaintiff upon either proposition.

On exceptions by plaintiff.     Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.    Plea, the general issue.    At the close of the evidence in behalf of the plaintiff, the presiding Justice ordered a nonsuit and the plaintiff excepted.

The case is stated in the opinion.

*George E. Thompson, and Taber D. Bailey,* for plaintiff.

*Forrest Goodwin, and John Wilson,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

KING, J.    Action for damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.    At the close of the evidence in behalf of plaintiff the presiding Justice ordered a nonsuit, and the case is before the Law Court on exceptions to that ruling.

October 23, 1906, the plaintiff was conductor of defendant's train No. 401 running eastbound from Bangor to Old Town.    There was a double track from Orono to Old Town.    At Webster Station, between Orono and Old Town, there was a switch or "crossover" from the westbound to the eastbound track, facing the westbound trains. The plaintiff's train going east was due and on time at Webster Station at 8.55 A. M.    Another train of defendant, No. 512, running westbound from Old Town to Bangor, was due at Webster Station at 8.57 A. M. but not scheduled to stop there.    The switch at the "crossover" had been left open by a brakeman of a shifting engine operating at Webster Station and just as the eastbound train started out of Webster Station the westbound train passed through the open switch and the engines collided.    The plaintiff's injuries resulted from the collision.

Two propositions are relied upon:

First, that the defendant was negligent in putting an engineer in charge of the westbound engine "who was inexperienced, incompetent, untaught and improperly instructed as to the running of said engine and train over said road."

· The plaintiff called the engineer of the westbound train who testified that he was 43 years old and had been running locomotives as engineer for 16 years continuously; that before being put in charge of this train he went over this particular track between Oldtown and Bangor (about twelve miles in length) for a week in an engine with a regular engineer on that road for the purpose of learning about the track, the crossings, switches, signals, semaphores and the like, after which he passed an examination required by the defendant company as a test of his qualification for that service.

Another engineer, called by the plaintiff, testified in cross examination, in respect to the time necessary for an experienced and efficient engineer to learn this particular piece of road, that "if they paid strictly to attention he ought to learn it in two or three or four days on it."

It is to be further noted that the accident would not have occurred if the switch had not been open; and the evidence does not show what could have been done by any engineer to avoid this accident the switch being open. The semaphore indicated safety—an invitation to the engineer to come on — but when the open switch was seen the train could not be stopped and the collision was then unavoidable. After a careful examination of the case it is the opinion of the court that the evidence is insufficient to sustain a verdict for plaintiff upon the proposition that the defendant was negligent in its selection of the engineer of the westbound train.

Second, the plaintiff contended that the defendant was negligent in that it "carelessly, negligently and wrongfully maintained" said cross-over which "was improperly planned, arranged, defective and unsafe." His position was that on double tracks a cross-over would be less dangerous if constructed and maintained in the reverse position, with a trailing instead of a facing switch, so that if open it would not face the current of traffic.

It may be true that such construction of a cross-over as plaintiff suggests would be less dangerous than that adopted and used by defendant, but if so no evidence was introduced to establish it, or to show that the cross-over as located and maintained was not reasonably safe, or was not such as is usually and customarily adopted and used in the management and operation of railroads similar to the defendant's. There was, therefore, no sufficient evidence to sustain a verdict for plaintiff on the proposition that the defendant was negligent in the location and method of construction of its cross-over.

Finally: The case clearly shows that the open switch was the proximate cause of the accident which resulted in the plaintiff's injuries.

The switch was left open by the negligence of the plaintiff's fellow-servant, the brakeman of the shifting engine, and for that negligence this defendant is not liable.

It is the settled law of this State that when the evidence presented is insufficient to support a verdict for the plaintiff the court is not required to submit the case to the jury but may direct a verdict for the defendant.   The entry in this case must therefore be,

*Exceptions overruled.*